JjLEON A. CANNIZZARO, JR., Judge.
Relator filed a writ of mandamus in this Court alleging that he filed motions for the production of his Boykin and sentencing *671 hearing transcripts in cases 373-817 G. and 397-314 C, as well as his multiple bill hearing transcript in case 397-314 C.
In case 373-817 G, relator pled guilty to possession of cocaine on July 12, 1995. The State filed a multiple offender bill of information to which the defendant pled guilty. The trial court sentenced him to serve two and one-half years at hard labor with credit for time served. Relator has served the sentence for the 1995 conviction. He is now incarcerated in connection with another matter.
In State ex rel. Simmons v. State, 93-0275, 94-2630, 94-2879 (La.12/16/94), 647 So.2d 1094, the Louisiana Supreme Court held that “indigent inmates” must be provided with certain documents, including Boykin transcripts, free of charge, even though they have not shown a particularized need for the documents. This Court has relied on Simmons as support for ordering the trial court to provide an indigent inmate with Boykin transcript(s) regardless of the date of the conviction or the basis of the indigent inmate’s underlying incarceration. Although the word “inmates” is qualified only by the word “indigent,” Simmons must be read to [.¡include only those inmates who are incarcerated for the crime to which the documents pertain. An inmate, who has served his or her sentence for the crime to which the requested documents pertain, should not be entitled to free documents in connection with that crime absent a showing of a particularized need. To read Simmons otherwise would mean that an indigent who is a recidivist has greater rights to free documents than an indigent person who has served a sentence but is no longer incarcerated. The Supreme Court did not intend to have this result. Upon review of the writ applications of the three inmates involved in the Simmons case, it is clear that each of the inmates, one of whom had been convicted as a multiple offender, requested documents related to the inmate’s then current incarceration, not to a conviction for which the sentence had already been served. Accordingly, absent a showing- of a particularized need, which has not been shown in the case at bar, relator’s request for a copy of his Boykin transcript in case 373-817 G is denied.
In case 397-314 C, on March 4,1999, the relator pled guilty to two counts of possession with intent to distribute cocaine. After the State filed a multiple bill, to which he pled guilty, the trial court sentenced the relator as a second felony, offender to fifteen years at hard labor. As to relator’s request for his Boykin and sentencing transcripts in case 397-314 C, this Court previously ordered the district court to provide the relator with the Boykin transcript only in writs 2000-K-2385, 2001-K-0398 and 2001-K-0994. However, in writ 2001-K-1890, this Court denied the request after the court reporter had certified that she was unable to locate the tapes of the relator’s guilty plea. Because the minute entry and docket master entry of March 4, 1999 indicate that the Boykin plea and sentencing and the multiple bill adjudication and' sentencing all occurred on that date, and the court reporter |,.¡previously certified that the tapes from that date are unavailable, the relator’s request for the, Boykin, sentencing, and multiple offender adjudication hearings cannot be satisfied and therefore is denied.
WRIT APPLICATION GRANTED; RELIEF DENIED.
ARMSTRONG, J., Dissents in Part.