STEWART, J.
_JjThe plaintiff, Andrew McGraw, appeals the denial of his public records requests for records related to criminal proceedings brought against him in 1990. For the following reasons, we affirm the district court’s judgment.
FACTS
Mr. McGraw was convicted in 1991 on two counts of distribution of cocaine and is serving two consecutive fifteen-year sentences. He has filed multiple post-conviction relief applications, which have been unsuccessful. He has also made numerous requests for records related to his criminal case.
Relevant to this appeal is Mr. McGraw’s pleading filed July 1, 2005, styled “APPLICATION FOR WRIT OF MANDAMUS, INJUNCTIVE OR DECLARATORY RELIEF” against the Richland Parish Clerk of Court, District Attorney’s Office, and Sheriffs Department seeking copies of the “Original, Initial and Supplemental Police Reports of Deputy Leo Lyles and Officer Tommy Cooper, in Docket Number: 53,-783.” Mr. McGraw alleges that he has requested these documents on several occasions dating back to 1990, and that the defendants' have not turned over the reports to him despite orders to do so by the district court, this court, and the supreme court.
On November 3, 2005, this court granted a writ of mandamus regarding Mr. McGraw’s July 2005 public records claim. Because the court could not determine from the writ application whether Mr. McGraw’s claim was pending or had merit, this court directed the district court to either rule on the claim within thirty days or inform Mr. McGraw if no claim was | ^pending. Thereafter, the district court ordered the state to file a response to Mr. McGraw’s claim.
The state’s response filed November 21, 2005, related that Mr. McGraw had previously been provided with a copy of the district attorney’s entire file, excepting certain original documents filed into evidence during Mr. McGraw’s trial. The state suggested that the court could order *914 the clerk’s office to release copies of the filed evidence to the defendant. The state asserted that neither the Richland Parish Sheriffs Department nor the Rayville Police Department likely had additional files or information related to Mr. McGraw. Finally, the state noted that Mr. McGraw had obviously made use of information from the state’s file in his five prior post-conviction relief applications and other filings.
Attached to the state’s response was correspondence sent by an assistant district attorney to Mr. McGraw regarding his prior requests for records. A letter dated February 18, 2000, stated, “I am enclosing the two (2) police reports on your July 20, 1990 and July 25, 1990 arrests, which constitutes all of the information you requested.” A second letter dated March 1, 2000, informed Mr. McGraw as follows:
I am enclosing copies of the typed police reports, which are exactly the same as the handwritten reports I previously provided. These are the only police reports I have in my file. The Sheriffs Office may have additional police reports, although that seems unlikely.
In the third letter dated September 6, 2001, the assistant district attorney wrote that she was again “enclosing my entire District Attorney file ... |sexcluding documents filed into the Clerk’s record. I believe you have previously received almost every one of these documents.”
On November 23, 2005, the district court judge signed a judgment that denied Mr. McGraw’s public records request for information from the district attorney’s office. However, the court ordered the Richland Parish Clerk of Court to provide Mr. McGraw with a copy of the evidence submitted during his trial. As shown by a letter dated December 2, 2005, the clerk of court forwarded copies of the evidence to Mr. McGraw as ordered by the trial court. An index of the exhibits indicating which were forwarded to him was included with the letter.
On April 3, 2006, Mr. McGraw filed a pleading styled “Motion to Inspect, Examine And Copy Physical Evidence,” by which he sought copies of reports by arresting officers Tommy Cooper and Tommy Nicholson. Mr. McGraw also filed another application for post-conviction relief on that same date. Then, on April 12, 2006, he filed an application for a writ of mandamus regarding a request for records from the Rayville Police Department allegedly made on March 9, 2006. On the order included with the application, the district court judge wrote, “Denied. All material has been furnished on more than one occasion.” This denial was signed on April 20, 2006. Nevertheless, the Rayville Police Department searched its records and found one document pertaining to Mr. McGraw’s 1990 arrest. This document was mailed to him on April 20, 2006, by the district attorney’s office along with another copy of the information from the |4district attorney’s file that had been filed in its response of November 21, 2005.
On May 15, 2006, the district court judge signed two orders purporting to grant appeals. These appear to pertain to the rulings rendered on April 20, 2006 and November 23, 2005. It appears from the record that Mr. McGraw had previously sought review, either by writ or appeal, of the November 23, 2005 judgment, but that compliance issues resulted in a delay.
Again on June 7, 2006, Mr. McGraw filed a “Motion to Inspect, Examine And Copy Physical Evidence” pertaining to various police reports. Also on June 7, 2006, Mr. McGraw filed a motion seeking a new trial pertaining to his 1991 eonvic- *915 tions. Attached as exhibits to this motion were copies of documents previously provided to him in response to his many public records requests. These copies included the jail register; handwritten and typed reports by an undercover officer or informant; the assistant district attorney’s letter of September 6, 2001, by which the entire file was again provided to Mr. McGraw; an order appointing counsel and setting bail; the grand jury indictment; trial excerpts; evidence transfer receipts and crime lab reports; an arrest affidavit by Officer Tommy Cooper; and three arrest affidavits by Deputy Leo Lyles. On June 15, 2007, the district court denied the motion for copies of police reports on the grounds that the requested documents had been provided “many times” and “used by petitioner on several occasions.” The trial court also denied the motion for |Ra new trial stating that the issues raised “have been argued numerous times via appeals, writs and post conviction relief.”
In the meantime, Mr. McGraw had filed an application for mandamus relief in this court regarding his motion for appeal. This court granted the writ of mandamus on June 23, 2006, to transfer the matter to the district court for action on the motion. By order of August 10, 2006, the district court recalled its order of appeal signed May 15, 2006, and set a return date for Mr. McGraw to file a writ application regarding the denial of his public records request. On August 17, 2006, this court again granted a writ of mandamus transferring the matter for the district court to perfect the appeal. Furthermore, by order of September 7, 2006, this court vacated the district court’s August 10, 2006 order recalling the appeal and again remanded to the district court for perfection of Mr. McGraw’s appeal in accordance with the prior writ grant of August 17, 2006. The matter is now before us for review.
DISCUSSION
Under La. R.S. 44:1 et seq., the public may obtain access to various public records. If a request is denied, the right of access may be enforced by writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages, as provided in La. R.S. 44:35. Generally, any person of the age of majority may inspect, copy, or reproduce a public record. La. R.S. 44:31(B)(1). The custodian of the record bears the burden of proving that a public record is not subject to inspection, copying, or reproduction. La.R.S. 44:31(B)(3).
[ fiAn individual, who is in custody after sentencing on a felony conviction and who has exhausted his appellate remedies, is permitted access to public records if his request is limited to grounds upon which he could file for post-conviction relief under La. C. Cr. P. art. 930.3. La. R.S. 44:31.1; State ex rel. McKnight v. State, 98-2258 (LaApp. 1st Cir.12/3/98), 742 So.2d 894. However, nothing in La. R.S. 44:31.1 prevents an inmate from seeking records related to his conviction simply because the time period for filing for post-conviction relief has passed. State ex rel. Leonard v. State, 96-1889 (La.6/13/97), 695 So.2d 1325.
Mr. McGraw is an inmate serving consecutive fifteen-year sentences on felony convictions. He has exhausted his appellate remedies. He has filed multiple requests for post-conviction relief, including repetitive and untimely applications. He has also filed multiple requests for records related to his criminal convictions. The record shows that these requests have been fulfilled in their entirety and that Mr. McGraw has made use of the information he received in his many post-conviction filings.
*916 We find no error in the district court’s rulings of either November 23, 2005 or April 20, 2006. In the ruling of November 23, 2005, the district court denied Mr. McGraw’s request for records from the district attorney’s office but ordered the clerk of court to provide copies of evidence filed into the trial record. The state’s response showed that the district attorney’s office had previously provided Mr. McGraw with its entire file. Therefore, the district court properly denied the request for yet another copy. Also, the clerk of court complied with the order by providing Mr. McGraw with |7copies of the evidence from trial. We find no merit in Mr. McGraw’s appeal of this ruling.
In the ruling of April 20, 2006, the district court denied Mr. McGraw’s request for records from the Rayville Police Department on the grounds that Mr. McGraw had already received the requested information on more than one occasion. However, the Rayville Police Department still responded to the request by searching its records and finding one document pertaining to a 1990 charge against Mr. McGraw for possession of drug paraphernalia. This document was provided to Mr. McGraw along with yet another copy of the district attorney’s file.
It is clear from the record that Mr. McGraw’s various requests have been fulfilled by the district attorney, the clerk of court, and the Rayville Police Department. It appears that these offices have provided Mr. McGraw with all the information in their possession. In fact, the record includes an extensive pleading by Mr. McGraw filed June 7, 2006, by which he seeks a new trial on his convictions. This pleading refers to and includes as exhibits various records that have been provided to Mr. McGraw over the years in response to his requests. Additionally, attached to the state’s reply brief are copies of records pertaining to Mr. McGraw’s criminal proceedings. Thus, Mr. McGraw has again been provided with copies of the various records, including police reports, related to his convictions.
On this record, we find no merit in Mr. McGraw’s claim for relief. His requests have been fulfilled multiple times, and the issue is now moot. Inmates are rightfully entitled to obtain copies of records related to their |sconvictions, even after the time period for filing for post-conviction relief has passed. However, the law does not sanction abuse of the procedure for obtaining such records by allowing repetitive requests for records that have already been provided.
CONCLUSION
For the reasons stated, the trial court’s judgment denying Mr. McGraw’s public record’s request is affirmed. Costs are assessed to Mr. McGraw.
AFFIRMED.