RODNEY FORTENBERRY
v.
DONALD FOLSE, POLICE CHIEF OF FRANKLINTON, LOUISIANA.
No. 2009 CA 0822.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication.
RODNEY FORTENBERRY, IN PROPER PERSON, PLAINTIFF-APPELLANT.
ELLEN M. CREEL, ATTORNEY FOR DEFENDANT-APPELLEE DONALD FOLSE, CHIEF OF POLICE FOR FRANKLINTON, LOUISIANA.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this appeal, plaintiff, Rodney Fortenberry, seeks review of the trial court's denial of his motion to compel production of documents he had previously requested of defendant, Donald Folse, Police Chief of Washington Parish. For the reasons that follow, we affirm.
At all times pertinent hereto, Fortenberry was in the custody of the State of Louisiana, Department of Public Safety and Corrections, after having been sentenced following a felony conviction. According to the record, Fortenberry filed a Petition for a Writ of Mandamus against Chief Folse, alleging that Chief Folse had failed to respond to his previous public records request, wherein Fortenberry requested the right to inspect and copy all documents and other tangible items involving his investigation, arrest, and prosecution. Fortenberry subsequently filed a motion to compel Chief Folse to answer the allegations set forth in the mandamus petition, which motion was set for hearing.
After considering the applicable statutes and evidence in the record, the trial court denied the motion to compel, citing La. R.S. 44:31.1[1] as follows:
This matter falls under the provisions of the Louisiana Public Records Act, Louisiana Revised Statute 44:31. Plaintiff asserts that he has a right to obtain these certain documents under this statute.
The motion [is] denied by the Court as plaintiffs case was adjudicated approximately twenty years ago, and plaintiff has exhausted all of his appellate appeals and remedies. Further, plaintiff did not file a writ of habeas corpus. Under R.S. 44:31.1, plaintiff is not entitled to his request for public records as he is in custody after sentence following a felony conviction and has exhausted his appellate remedies and the request for public records is not limited to grounds upon which he could file for postconviction relief under Code of Criminal Procedure article 930.3.
The trial court signed a judgment in accordance with these findings, dismissing all of Fortenberry's claims as stated in his mandamus petition.[2] This appeal by Fortenberry followed.
On appeal, Fortenberry assigns only one error, i.e., whether he is entitled to obtain the records he requests even after the time period for filing post-conviction relief has passed. As pointed out by Chief Folse in brief, the courts have consistently held that the lapse of the time period for post-conviction relief alone is not a bar to obtaining public records. See McGraw v. Richland Parish Clerk of Court, 42,029, pp. 7-8 (La. App. 2 Cir. 4/11/07), 954 So.2d 912, 916, writ denied, XXXX-XXXX (La. 3/14/08), 977 So.2d 927. However, the trial court's denial of Fortenberry's motion to compel was not based on the lapse of the time period for post-conviction relief. Rather, the trial court clearly denied Fortenberry's requests pursuant to the exception found in La. R.S. 44:31.1. Based on the record before us, we conclude, as did the trial court, that the exception set forth in La. R.S. 44:31.1 applies to Fortenberry, and thus, he is not a "person" entitled to access to the public records he has requested of Chief Folse in this case. Fortenberry's assignment of error is without merit.
For the above and foregoing reasons, we affirm the trial court's judgment and assess all costs associated with this appeal against plaintiff-appellant, Rodney Fortenberry. We issue this memorandum opinion in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1B.
AFFIRMED.
NOTES
[1] Louisiana Revised Statutes 44:31.1 provides as follows:

For the purposes of this Chapter, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3. Notwithstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3.
[2] We note that on September 15, 2009, this matter was remanded to the trial court for the limited purpose of having the trial court sign a valid final judgment with appropriate decretal language as required by La. Code Civ. P. art. 1918. While the trial court's original judgment dismissed Fortenberry's motion to compel, it did not dispose of all of his claims. The record was subsequently supplemented with the trial court's October 6, 2009 judgment that is before us now for review.