NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-679


STATE OF LOUISIANA

VERSUS

RICKY O'NEAL BUCKNER


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 254,284
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**Monique Yvette Metoyer**
**Assistant District Attorney**
**2729 Overton St.**
**Alexandria, LA 71301**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Ricky O. Buckner #319340**
**D. W. C. C. H/3/B**
**670 Bell Hill Road**
**Homer, LA 71040**

**EZELL, Judge.**

Ricky O'Neal Buckner appeals the decision of the trial court below denying his request for public records. For the following reasons, we affirm the decision of the trial court.

On July 9, 1999, Mr. Buckner was charged with forcible rape, in violation of La.R.S. 14:42.l. On November 7, 2000, Mr. Buckner proceeded to trial by jury. On November 10, 2000, the jury found him guilty of simple rape, in violation of La.R.S. 14:43. Mr. Buckner's motions for post-verdict judgment of acquittal and motion for a new trial were denied on March 5, 2001. The State also filed a habitual offender bill of information, citing three prior felonies. The habitual offender hearing, which could have resulted in life imprisonment for Mr. Buckner, was heard on May 7, 2001, and was taken under advisement.

On June 28, 2001, Mr. Buckner entered into a cooperation agreement with the State of Louisiana which stipulated that he would cooperate with the State in investigating and prosecuting several individuals. In return for his "substantial assistance," Mr. Buckner would be sentenced to serve twenty-five years with the Louisiana Department of Corrections for the rape charge and the habitual offender bill would be dropped.[1] That same day, after a conference between counsel for Mr. Buckner, the judge, and the district attorney handling that criminal case, the court ordered the habitual offender bill dismissed as moot. Mr. Buckner was sentenced to serve twenty-five years with the Louisiana Department of Corrections at hard labor, without the benefit of probation, parole, or suspension of sentence. The cooperation agreement was placed in the record under seal.

---

[1] In the Cooperation agreement, Mr. Buckner admitted to being convicted of the three prior felonies as well as the simple rape.

On January 9, 2014, Mr. Buckner mailed to the trial court an application entitled "Motion For Copy Of Cooperation Agreement," seeking to obtain the document under La.R.S. 44:1, et seq. On January 10, 2014, this motion was denied by the trial court, who noted: "All time limits have run. No particularized need." From this decision, Mr. Buckner appeals.

Mr. Buckner asserts one assignment of error on appeal, claiming that the trial court erred in rejecting his public records request.

As noted in *McGraw v. Richland Parish Clerk of Court*, 42,029, pp. 5-6 (La. App. 2 Cir. 4/11/07), 954 So.2d 912, 915, *writ denied sub nom. State ex rel. McGraw v. State*, 07-1136 (La. 3/14/08), 977 So.2d 927:

> Under La. R.S. 44:1 *et seq.,* the public may obtain access to various public records. If a request is denied, the right of access may be enforced by writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages, as provided in La. R.S. 44:35. Generally, any person of the age of majority may inspect, copy, or reproduce a public record. La. R.S. 44:31(B)(1). The custodian of the record bears the burden of proving that a public record is not subject to inspection, copying, or reproduction. La.R.S. 44:31(B)(3).

> An individual, who is in custody after sentencing on a felony conviction and who has exhausted his appellate remedies, is permitted access to public records if his request is limited to grounds upon which he could file for post-conviction relief under La. C. Cr. P. art. 930.3. La. R.S. 44:31.1; *State ex rel. McKnight v. State,* 98-2258 (La.App. 1st Cir.12/3/98), 742 So.2d 894.

In this matter, Mr. Buckner is not entitled to his request for public records as he is in custody after sentence following a felony conviction, has exhausted his appellate remedies, and the request for public records is not limited to grounds upon which he could file for post-conviction relief under La.Code Crim.P. art. 930.3. Moreover, Mr. Buckner does not claim that the State failed to keep its part of his plea deal, as the habitual offender bill was removed and he was sentenced to

twenty-five years as agreed upon.  He admits that he benefitted from the State removing the habitual offender bill which could have raised his sentence from twenty-five years to life in prison.  Mandamus is clearly not appropriate in this case. Accordingly, we are unable to find error in the trial court's denial of Mr. Buckner's request for public records.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Buckner.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal.  Rule 2-16.3.