Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,044-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

(STATE OF LOUISIANA)                    Plaintiff-Appellant
CHARLES TERRY BUTLER

versus

RICKY JONES, SHERIFF                    Defendant-Appellee

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of Tensas, Louisiana
Trial Court No. 59,880

Honorable John Durham Crigler, Judge

* * * * *

CHARLES TERRY BUTLER               In Proper Person


JAMES EDWARD PAXTON              Counsel for Appellee,
District Attorney                            Sheriff, Rickey A. Jones


JAMES EDWARD PAXTON               Counsel for Appellee,
District Attorney                            State of Louisiana
By: Linda Lee Kincaid Watson


* * * * *

Before GARRETT, McCALLUM, and THOMPSON, JJ.

**McCALLUM, J.**

Before us is an appeal of the trial court's judgment denying a public records request and an accompanying request for mandamus. Charles Terry Butler asserts two errors for consideration: (1) the trial court erred in considering the filed responses by the district attorney's office and (2) the trial court erred in denying his mandamus request to order the sheriff to provide records requested by him.

For the following reasons, we affirm the trial court's judgment.

### FACTS

On July 17, 1997, Charles Terry Butler ("Mr. Butler") was convicted for the second-degree murder of his father-in-law. This Court affirmed his conviction. Thereafter, Mr. Butler sought to file various post conviction relief claims. On August 25, 1998, prior to filing those claims, he instead filed a motion for production of public records with the Tensas Sheriff's Office and the Sixth Judicial District Attorney's Office.

In his August 25, 1998, public records request, Mr. Butler sought the following records: all transcripts, all rulings, all responses by the State, all defense filings, all police reports, the crime scene report, any fingerprint testing and any accompanying results, the coroner's report, any polygraph results related to any witness related to the case, all test results and any accompanying reports, the grand jury records and the entire district attorney's file. On May 11, 1999, Mr. Butler filed the exact same request for public records. On July 26, 1999, the trial court ordered that the public records be sent to Mr. Butler following his payment of $250 for the copies. The appropriate offices, thereafter, sent Mr. Butler the records.

Mr. Butler then filed his original and supplemental application for post conviction relief. On September 14, 2000, the trial court denied the application. On January 25, 2001, this Court denied writ. Finally, on November 13, 2001, the Louisiana Supreme Court denied writ.

On May 4, 2001, after we denied his request for review of the post conviction relief ruling, but before the Louisiana Supreme Court denied writ, Mr. Butler filed a new request for public records.[1] The sheriff's office replied to this request on May 15, 2001. Mr. Butler then filed another public records request on June 1, 2001. The sheriff's office again responded thereafter. Mr. Butler then filed for a mandamus, along with other motions, against the sheriff's office. On February 4, 2002, the trial court denied Mr. Butler's mandamus request. The record shows no appeal of that trial court ruling.

Over sixteen years later, on February 16, 2018, Mr. Butler filed a new request for public records with the sheriff's office. In that request, the one now before us, he sought the initial police report and all other police reports. We reiterate that Mr. Butler had previously requested and received these exact documents as part of his 1999 public records request.

Subsequently, Mr. Butler filed for a new mandamus against the sheriff's office on April 9, 2018. In his motion, he alleged that the sheriff had failed to comply with La. R.S. 44.35. After a response by the district attorney's office, and without a hearing, the trial court denied the motion.

---

[1] In fact, we can almost hear the pitter patter of the postal worker's feet as they deliver yet another request for public records from Mr. Butler to the sheriff's office even now.

On June 5, 2018, Mr. Butler filed a writ with this Court. We granted the writ and remanded it for perfection as an appeal, placing the appeal before us for consideration.

## DISCUSSION

Louisiana Revised Statutes 44:1 *et seq*. provide for certain procedures that enable a person to obtain access to various public records. *See McGraw v. Richland Parish Clerk of Court*, 42,029 (La. App. 2 Cir. 4/11/07), 954 So. 2d 912, 915, *writ denied*, 2007-1136 (3/14/2008), 977 So. 2d 927. A person may seek a writ of mandamus against a public office that has denied the right of the person to obtain access to such public records. *Id.*; *see also,* La. R.S. 44:35. An individual, who is in custody after sentencing on a felony conviction and who has exhausted his appellate remedies, is permitted access to public records only when his request is limited to grounds upon which he could file for post-conviction relief. *See McGraw*, 954 So. 2d 912, at 915; *see also,* La. R.S. 44:31.1.

This Court considered a similar case, *McGraw v. Richland Parish Clerk of Court*, involving a felony inmate's repetitive request for the same public records. This Court stated the following:

> Inmates are rightfully entitled to obtain copies of records
> related to their convictions, even after the time period for filing
> for post-conviction relief has passed. However, the law does
> not sanction abuse of the procedure for obtaining such records
> by allowing repetitive requests for records that have already
> been provided.

*McGraw,* 954 So.2d 912, at 916.

In *McGraw,* a felony inmate in custody, made multiple requests for public records even though he had already obtained the same records from the district attorney, clerk of court and the applicable police department.

3

This Court found that where the requests had already been fulfilled, then the trial court did not err in denying the subsequent, repetitive requests for documents nor did it err in denying any accompanying writ of mandamus.

The same is apparent for the case before us. Mr. Butler has previously made a request for the records he now seeks from the sheriff's office. Furthermore, Mr. Butler has received those records. This is not only evident within the record, but tacitly admitted by Mr. Butler himself. Therefore, we find that that trial court did not err in denying the public records request nor did it err in denying Mr. Butler's mandamus motion.

As to Mr. Butler's assertion that the district attorney lacked a right to answer or respond to his public records request or his subsequent mandamus request, we find Mr. Butler's argument to have no merit. First, the sheriff's office did respond to Mr. Butler. Second, because Mr. Butler is not entitled to repetitive productions of documents that he has already received previously, then it was unnecessary that the district attorney's office respond at all. Finally, because Mr. Butler filed a formal motion requesting a mandamus against the sheriff, then it is a necessary consequence that the attorney for that public entity file a formal response. Therefore, it was not improper for the district attorney's office to respond to Mr. Butler's filings nor did the trial court err in considering such responses.

## CONCLUSION

The judgment of the trial court is **AFFIRMED**. All costs of this appeal are assigned to the appellant in accordance with La. C.C.P. art. 5186, *et seq.*

4