Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,950-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GARY WALKER                                    Plaintiff-Appellant

versus

DESOTO PARISH CLERK OF                         Defendant-Appellee
COURT, ET AL.

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 84,427

Honorable Nicholas E. Gasper, Judge

* * * * *

GARY WALKER                                    In Proper Person

WEEMS, SCHIMPF, HAINES                         Counsel for Appellee
& MOORE, APLC
By: Kenneth P. Haines

* * * * *

Before STONE, COX, and HUNTER, JJ.

**COX, J.**

This civil appeal arises from a public records request and petition for writ of mandamus filed by appellant, Gary Walker ("Walker"), against the DeSoto Parish Clerk of Court ("Clerk of Court"). Following the denial of his writ, Walker filed this appeal regarding that ruling. For the following reasons, we affirm the trial court's judgment.

## FACTS

On April 9, 2015, a DeSoto Parish grand jury indicted Walker on one count of second degree murder. In May 2016, Walker was unanimously convicted as charged and sentenced to mandatory life imprisonment without benefit of probation, parole, or suspension of sentence. This Court affirmed Walker's conviction and sentence, and writs were denied by the Louisiana Supreme Court. *State v. Walker*, 51,217 (La. App. 2 Cir. 5/17/17), 221 So. 3d 951, *writ denied*, 17-1101 (La. 6/1/18), 243 So. 3d 1064.

On February 8, 2023, Walker filed a public records request to inspect and copy "the DeSoto Parish Clerk of Court minutes reflecting a true bill of indictment was found by no less than nine members of the grand jury who voted for charge or charges of second degree murder[.] I request a copy of the grand jury vote count and returned indictment into open court." On April 27, 2023, Walker submitted a handwritten request for a copy of the minutes from the grand jury proceedings. On May 15, 2023, the district court denied the request. The court explained that Walker "received a copy of the record including the grand jury indictment and minutes reflecting return of the indictment in open court, in order to file an appeal." On May 18, 2023, Walker filed another public records request for a copy of the minutes reflecting the grand jury vote. A handwritten note on the request

indicated that the document was sent to the district court judge on May 22, 2023.

On July 12, 2023, Walker submitted another public records request to the Clerk of Court with the same request to inspect and copy "the DeSoto Parish Clerk of Court minutes reflecting a true bill of indictment was found by no less than nine members of the grand jury who voted for charge or charges of second degree murder[.]  I request a copy of the grand jury vote count and returned indictment into open court."  On September 20, 2023, Walker filed a petition for writ of mandamus alleging that he sent a request to the Clerk of Court for the "cost and/or copy of this true bill of indictment; the grand jury vote count on the second degree murder [charge] showing," that "nine grand jurors concurred a (vote) to find an indictment. . . and the return into open court."  Walker alleged that the Clerk of Court failed to respond to his request, and in turn, violated La. R.S. 44:31 and La. R.S. 44:32.

On November 3, 2023, counsel on behalf of the Clerk of Court filed an exception of no right of action and motion to recall the alternative writ of mandamus.  Counsel argued that Walker's public records request was denied because he previously received the requested information, as indicated by the district court's order, and the Clerk of Court is not required to furnish any further copies.  On November 8, 2023, Walker filed a supplemental petition for his writ of mandamus, wherein he alleged that his rights to equal protection were violated under La. C. Cr. P. arts. 383, 435, and 444(B). Walker further alleged that the Clerk of Court minutes did not record the grand jury vote count or that the indictment was not returned into open court.

2

Thereafter, Walker filed a motion to strike the exception of no right of action. Walker claimed that the Clerk of Court failed to respond to his original request and that he did not receive a copy of the court minutes that reflect the grand jury vote count. Walker maintained that he did not want a free copy of the requested documents, but rather an invoice so he could pay for the documents. In response, counsel for the Clerk of Court filed an answer to Walker's motion and alleged that Walker did not have a statutory right to seek additional copies of the requested public records. Counsel argued that pursuant to La. R.S. 44:31.1, "[f]or purposes of this section, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief."

Counsel maintained that Walker's conviction was finalized in 2018 when the Supreme Court denied writs following Walker's appeal; from that date, Walker had two years to file for post conviction relief, but failed to do so, which precluded him from seeking any copies of public records related to his conviction. Moreover, counsel maintained that because the district court denied the request, it was evidence that Walker already received a copy of the requested documents.

On December 5, 2023, the district court sustained the exception of no right of action and recalled and vacated Walker's alternative writ of mandamus, dismissing his suit with prejudice. On December 18, 2023, a hearing was held regarding Walker's writ of mandamus and public records request. During the hearing, counsel for the Clerk of Court reiterated that Walker was a convicted felon whose conviction and sentence were affirmed

3

on appeal and became final in June 2018, which gave Walker two years to file for post conviction relief under La. C. Cr. P. art. 930.8. Counsel stated that in March of 2022, Walker filed a special application for post conviction relief under La. C. Cr. P. art. 926.2.[1] However, this was ultimately denied in September 2023, because the district court found that the basis of Walker's claim, a witness who recanted his testimony, did not fall within the provisions of art. 926.2.

Counsel argued that this post conviction relief filing had no bearing on the request for public records because it was not related to the grand jury proceedings from which Walker made his requests. Counsel argued that Walker is "limited in his public records request to things that he could use in a PCR application," and "his public records request is further limited by the fact that his PCR delays have now run. And so[,] he's not entitled to seek information under [La. R.S.] 44:33.1." In denying Walker's writ of mandamus, the district court explained as follows:

> The PCR has been denied. There was a final judgment of conviction entered. PCRs have been pursued and have been denied at this point. . . However, in looking at again the public records statute, 44:31.1, it allows a person to still make a public records request when they're seeking PCR or post conviction relief under Code of Criminal Procedure, Article 930.3, not 926.2. So ultimately, Mr. Walker, I understand you're asking for this . . . the Clerk's office does not have this and ultimately, I would agree that the Clerk's office has a bill of indictment but

---

[1] La. C. Cr. P. art. 962.2(A.) A petitioner who has been convicted of an offense may seek post conviction relief on the grounds that he is factually innocent of the offense for which he was convicted. A petitioner's first claim of factual innocence pursuant to this Article that would otherwise be barred from review on the merits by the time limitation provided in Article 930.8 or the procedural objections provided in Article 930.4 shall not be barred if the claim is contained in an application for post conviction relief filed on or before December 31, 2022, and if the petitioner was convicted after a trial completed to verdict. This exception to Articles 930.4 and 930.8 shall apply only to the claim of factual innocence brought under this Article and shall not apply to any other claims raised by the petitioner. An application for post conviction relief filed pursuant to this Article by a petitioner who pled guilty or nolo contendere to the offense of conviction or filed by any petitioner after December 31, 2022, shall be subject to Articles 930.4 and 930.8.

4

nothing that occurs in a grand jury proceeding would be made public record or would even necessarily be made of record. So there is an indictment out there that you should've already received a copy of. And I believe through proper means anybody could get a copy of that indictment. Public records request, I don't think—a public records request made by you in accordance with Article 44:31.1, I don't know that—I don't see where a public records request made by you for these documents is going to suffice.

. . .

So[,] there's not going to be a transcript of the grand jury proceedings or anything like that. . . the Clerk's office does not have anything additional. I obviously can't speak for that; I have not reviewed the records and all of that stuff. However, knowing what I know, I don't know why the Clerk's office would have any additional information from the grand jury proceedings besides a bill of indictment, which it sounds like that is what you have in your possession already. So[,] considering the law, considering the position we're in, I am going to deny your writ of mandamus. Ultimately, you or somebody on your behalf can go to the Clerk's office and request a copy of the file. Obviously, they'd have to pay for it. And everything that is there should be in the file. But as far as a public records request from you, the way I'm reading 44:31.1, is not gonna work. . .

From this, Walker appealed.

## DISCUSSION

By his three assignments of error on appeal, Walker essentially argues that the trial court erred in denying his petition for writ of mandamus, and the Clerk of Court erred in not only failing to provide him with the requested information but in failing to maintain a record of the minutes and the vote count of the grand jury. Walker contends that such actions circumvented the protections of the public records law and further denied him his right to due process and equal protection of law. Therefore, Walker argues that the trial court's judgment should be vacated, and this matter remanded for a proper determination as to the grand jury vote. We respectfully disagree.

An appellate court reviews a district court's judgment denying a writ of mandamus under an abuse of discretion standard. *Lewis v. Morrell*, 16-

1055 (La. App. 4 Cir. 4/5/17), 215 So. 3d 737. In general, the public's right of access to public records is a fundamental right guaranteed by the Louisiana Constitution. La. Const. Ann. Art. XII, § 3. This right of access must be liberally construed in favor of free and unrestricted access, which can only be denied when a law specifically and unequivocally provides otherwise. *Title Research Corp. v. Rausch*, 450 So. 2d 933, 936 (La. 1984). For example, the general rule set forth in La. R.S. 44:31 provides that "any person of the age of majority" may make a public records request.

Therefore, under La. R.S. 44:35(A), a person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a public record may institute proceedings for the issuance of a writ of mandamus, injunctive, or declaratory relief, together with attorney fees, costs, and damages.

However, under the statutory exception of La. R.S. 44:31.1, certain individuals are excluded from the definition of "person" under the Public Records Law. Accordingly, an individual who is in custody after sentencing on a felony conviction and who has exhausted his appellate remedies, is permitted access to public records only when his request is limited to grounds upon which he could file for post conviction relief under La. C. Cr. P. art. 930.3. *State v. Jones*, 53,044 (La. App. 2 Cir. 9/25/19), 280 So. 3d 1272, *writ denied*, 19-01726 (La. 1/28/20), 291 So. 3d 1055; *McGraw v. Richland Parish Clerk of Court*, 42,029 (La. App. 2 Cir. 4/11/07), 954 So. 2d 912, *writ denied*, 07-1136 (3/14/2008), 977 So. 2d 927.

As previously mentioned, Walker was convicted of second degree murder and his conviction and sentence were affirmed on appeal by this Court. *Walker*, *supra*. Moreover, Walker's sentence became final in June

2018. Under La. C. Cr. P. art. 930.8, Walker had two years from the date his conviction became final to file for post conviction relief to obtain a copy of the public records related to his grand jury proceedings. However, nothing in La. R.S. 44:31.1 prevents an inmate from seeking records related to his conviction simply because the time period for filing for post conviction relief has passed. *McGraw*, *v. Richland Parish Clerk of Court, supra*; see *State ex rel. Leonard v. State*, 96-1889 (La. 6/13/97), 695 So. 2d 1325. As this court previously stated in *McGraw v. Richland Parish Clerk of Court*, *supra*:

> Inmates are rightfully entitled to obtain copies of records related to their convictions, even after the time period for filing for post conviction relief has passed. However, the law does not sanction abuse of the procedure for obtaining such records by allowing repetitive requests for records that have already been provided.

Here, Walker's petition for writ of mandamus indicated that he sent a request to the Clerk of Court for either the cost of or a copy of his true bill of indictment, and the minutes of the proceeding reflecting that "at least nine grand jurors constitute a quorum, and nine grand jurors concurred a (vote) to find an indictment. . . and the return into open court." In a supplemental petition, Walker further claimed that the minutes did not reflect that "at least nine grand jurors constitute a quorum, and nine grand jurors concurred a (vote) to find an indictment on Gary Walker. The grand jury vote is not recorded."

It is apparent from the record before this Court that Walker has not only made previous requests for these records but has received them as requested. First, during the hearing regarding the writ of mandamus, Walker stated that he had a copy of the indictment but expressed he did not have the

7

transcript of the proceeding. Second, in his supplemental petition, Walker tacitly acknowledged that he received a copy of the minutes of the grand jury proceeding from the Clerk of Court in his complaint that the minutes did not show that at least "nine grand jurors concurred a (vote) to find an indictment," and that the "vote [was] not recorded."

From the totality of the record, it appears that Walker has received the requested information but seeks documents that specifically detail the vote of each grand juror and a copy of the entire proceedings. However, it is a long-established policy that the secrecy of grand jury proceedings should be carefully maintained, even though it is not absolute. *State v. Ross*, 13-0175 (La. 3/25/14), 144 So. 3d 932. Disclosure of grand jury materials is allowed but only in limited situations, and the party seeking disclosure of grand jury materials must show a compelling necessity for them, and the need must be demonstrated "with particularity."[2] *Id*.

In this case, Walker's need for this information appears only to be that there was some irregularity with the jury vote; namely, that nine grand jurors did not vote to indict Walker of second degree murder. However, irregularities concerning grand jury indictments may be raised pretrial by motion to quash. La. C. Cr. P. art. 533. From the record, it does not appear that Walker timely filed a motion to quash, and therefore, he waived his

---

[2] *State v. Ross*, *supra*, makes clear that permitted disclosures include: "(1) after the indictment, members of the grand jury and other persons present may reveal (to defense counsel, the attorney general, the district attorney, or the court), and testify concerning, 'statutory irregularities' in grand jury proceedings; (2) a court may permit disclosure of testimony given before the grand jury to show that a witness committed perjury in his testimony before the grand jury; (3) a witness may discuss his testimony with the court, attorney general, district attorney, or counsel for the person under investigation or indicted; and (4) after notification to his district attorney, the foreman of a grand jury that discovers a crime may have been committed in another parish shall make that discovery known to the attorney general, and the district attorney or attorney general may direct any relevant evidence and testimony to the district attorney of another parish."

objection to the indictment on these grounds. La. C. Cr. P. art. 535. Moreover, the district court's order also makes clear that Walker received the requested documents, and any further requests from Walker are merely repetitive.

Finally, Walker asserts that his rights to due process and equal protection were violated under La. C. Cr. P. arts. 383, 435, and 444(B) because the minutes from the Clerk of Court did not record how many grand jurors specifically voted to indict him. A review of Walker's appellate record reflects that his indictment for second degree murder was in proper form. Accordingly, this Court concludes that Walker is a convicted felon who has exhausted his appellate remedies and filed multiple requests for records related to his criminal conviction that have been fulfilled in their entirety as Walker used the information he requested to file his appeal with this Court.

Therefore, this Court finds that the district court did not err in denying Walker's writ of mandamus.

## CONCLUSION

For the reasons stated, the trial court's judgment denying Walker's petition for writ of mandamus is affirmed. Costs are assessed to Walker in accordance with La. C. C. P. art. 5188.

**AFFIRMED.**