647 So.2d 1094 (1994)
STATE ex rel. Claude SIMMONS, Sr.
v.
STATE of Louisiana.
STATE ex rel. Anthony SCOTT
v.
N. Burl CAIN, Warden.
STATE ex rel. Birdette BARKER
v.
CLERK OF COURT 1st JDC.
Nos. 93-KH-0275, 94-KH-2630 and 94-KH-2879.
Supreme Court of Louisiana.
December 16, 1994.
*1095 PER CURIAM.
In these consolidated applications, the relators have requested various documents pertaining to their convictions and sentences.
Although as a general matter incarcerated indigents must demonstrate a particularized need for a court document before receiving a copy of it free of charge, see, e.g. State ex rel. Stewart v. Lombard, 94-0040 (La. 6/3/94), 637 So.2d 496; cf. United States v. MacCollom, 426 U.S. 317, 325, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976); State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir.1992); LSA-R.S. 44:32(C)(1)(a), this Court has established exceptions to that rule. Thus, indigent inmates must be provided with: transcripts of their guilty plea colloquies, see, e.g., State ex rel. Murray v. Ward, 363 So.2d 913 (La.1978); State ex rel. Johnson v. Clerk, Fifth Judicial District Court, 479 So.2d 916 (La.1985); copies of the bill of information or grand jury indictment charging them with committing a crime, as required by La. C.Cr.P. art. 498, see, e.g., State ex rel. Dotson v. Waldron, 629 So.2d 1148 (La.1993); copies of the district court minutes for various portions of their trials, see, e.g., State ex rel. Carter v. State, 590 So.2d 1191 (La.1992); copies of transcripts of evidentiary hearings held on their applications for post conviction relief, see, e.g., State v. Feet, 617 So.2d 921 (La.1993); and copies of the documents committing them into custody, see, e.g., State ex rel. Foret v. State, 617 So.2d 900 (La.1993); State v. Martin, 516 So.2d 124 (La.1987).
Accordingly, in No. 94-KH-2630, the district court is ordered to provide the relator with a copy of the transcript of the colloquy of his guilty plea. In No. 94-KH-2879, the district court is ordered to provide the relator with a copy of the charging document in his case. In 93-KH-0275, the district court is ordered to provide relator with a copy of the transcript of the evidentiary hearing conducted on August 12, 1992, on his application for post conviction relief.
As to the other documents requested by the relators in Nos. 94-KH-2630 and 94-KH-2879, their applications are denied. The relators have not demonstrated the required particularized need. See MacCollom, 426 U.S. at 329, 96 S.Ct. at 2093 (Blackmun, J., concurring).
KIMBALL, MARCUS and WATSON, JJ., not on panel.