742 So.2d 894 (1998)
STATE of Louisiana ex rel. Eugene McKNIGHT
v.
STATE of Louisiana
No. 98 KW 2258.
Court of Appeal of Louisiana, First Circuit.
December 3, 1998.
*895 Honorable Walter P. Reed, District Attorney, Counsel for Respondent State of Louisiana.
Eugene McKnight, Applicant, In Proper Person.
Before: LeBLANC, FOGG and PARRO.
PER CURIAM.
WRIT DENIED. Relator (Eugene McKnight) filed a request with the district attorney for a copy of a portion of the district attorney's file. The district attorney denied relator's request, and relator filed a "motion for contradictory hearing with district attorney" in the district court. The district court denied relator's motion, and relator seeks review of that ruling in this application for supervisory writs.
From the allegations of the motion and the writ application, it is apparent relator is making his request under the Public Records Law and is not attempting to secure a free copy of the documents. A writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law, La. R.S. 44:1, et seq. A "person" who wants to examine public records must make the request to the custodian of the records. See La. R.S. 44:31 & 44:32. An individual in custody after sentence following felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La.Code Crim. P. art. 930.3. La. R.S. 44:31.1. Section 31.1 does not prevent an inmate from seeking records simply because the three-year time limitation for the filing of postconviction relief has passed. State ex rel. Leonard v. State, 96-1889 (La.6/13/97), 695 So.2d 1325. See La.Code Crim. P. art. 930.8. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. See State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir.1992). After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court's action, if he desires. See La. R.S. 44:35(C).
If the inmate is not proceeding under the Public Records Law and instead desires to seek a free copy of a district attorney's file, he should file a motion for production of the documents in the criminal proceeding, and he must demonstrate a particularized need. For the inmate requesting documents in anticipation of a collateral attack on his conviction, he cannot make a showing of particularized need absent a properly filed application for postconviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. State ex rel. Bernard v. Criminal District Court Section "J", 94-2247 (La.4/28/95), 653 So.2d 1174. Under La.Code Crim. P. art. 822(B) (added by 1997 La. Acts No. 1321, § 1), "if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district *896 attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney." Article 822 does not apply to requests for records under the Public Records Law, and it does not establish a separate procedure by which an inmate can secure documents from the district attorney. The purpose of this portion of article 822 is to prevent district courts from ordering the production of portions of the district attorney's file without the district attorney first receiving notification of the motion. Under article 822, a contradictory hearing would not be necessary if the court merely denies the request.
Accordingly, for relator to seek review of the district attorney's refusal to provide documents, he must first institute civil proceedings at the trial court level for a writ of mandamus against the district attorney.