LPETERS, J.
Norman P. Jean seeks supervisory writs from a judgment of the trial court denying his request for a copy of his criminal file in the possession of the Office of District Attorney of the Fourteenth Judicial District (district attorney). For the following reasons, we grant Mr. Jean’s writ application and remand this matter to the trial court for further proceedings consistent with this opinion.
In April of 1995, Mr. Jean was convicted of second degree murder, a violation of La.R.S. 14:30.1. After the trial court sen *781 tenced Mr. Jean to the mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence, he appealed that sentence to this court. This court affirmed Mr. Jean’s conviction and sentence in an unpublished opinion. State v. Jean, 95-885 (La.App. 3 Cir. 5/1/96). He has remained in prison since his conviction.
Although Mr. Jean has unsuccessfully sought post-conviction relief on more than one occasion since his conviction, the issue before this court has no direct relation to his post-conviction efforts. Specifically, Mr. Jean is attempting to obtain a free copy, or at least a copy at a reduced rate, of the district attorney’s file in his criminal case under the provisions of the Louisiana Public Records Law, La.R.S. 44:31 et seq.
On June 17, 1999, he filed a mandamus action, asserting that he had requested a copy of his criminal file from the district attorney and that the district attorney had agreed to provide a copy if he would pay a $1.25 per-page fee for the cost of reproduction. In his pleading, Mr. Jean asserted that his purpose in attempting to obtain a copy of the file was “in order to do a thorough investigation into his arrest and his pre-trial and trial to see if there are any errors that may assist him in |aobtain[ing] some relief.” Mr. Jean’s request for relief in this pleading is vague in that he acknowledges that the district attorney had already agreed to provide him with a copy of the file. While Mr. Jean requested that the district attorney “be required to provide the requested records without any further delay,” he did not specifically assert that he was attempting to obtain the file without paying the cost of its reproduction.
The trial court denied this request without a hearing by issuing a written judgment on July 12, 1999. In that judgment, the trial court stated that “[Mr. Jean] has failed to specify the documents wanted from the District Attorney’s file. Furthermore, [Mr. Jean] has not paid the funds required, nor has he requested a hearing, as required by LSA-C.Cr.P. Art. 822.” Mr. Jean did not appeal this judgment.
On January 23, 2002, Mr. Jean filed a pleading entitled “MOTION TO COMPEL PRODUCTION OF DOCUMENTS ” wherein he requested that the trial court order the district attorney to provide him with an itemized list of the documents in his prosecution file and to inform him of a specific price for a copy of the complete file. By written judgment dated February 25, 2002, issued again without a hearing, the trial court ordered the clerk of court to provide Mr. Jean, at no cost, with the following documents associated with his criminal prosecution: the transcript and minutes of the guilty plea colloquy, the minute entry of Mr. Jean’s sentencing hearing, a copy of the grand jury indictment, and a copy of the sentencing transcript. The trial court denied the production of any other documents on the basis that Mr. Jean had made no showing of a particularized need for them.
Mr. Jean did not appeal this judgment. Instead, on April 24, 2002, he filed a pleading asking the trial court to reconsider its February 25, 2002 judgment. In this 1 ¿pleading, Mr. Jean suggested that the trial court misconstrued his prior motion and again requested that the district attorney be ordered to provide him with an itemized list of the documents in his criminal file and a specific price for a copy of his complete file. The trial court responded to this pleading by rendering a judgment, again without a hearing, similar in language to the February 25, 2002 judgment. The trial court signed this judgment on May 1, 2002, and it was filed of record on May 13, 2002. Mr. Jean did not appeal this judgment.
*782 Mr. Jean next filed, on June 26, 2002, a pleading entitled “Motion For Production Of District Attorney’s Files.” In this pleading, Mr. Jean requested that the trial court order the district attorney to provide him with a copy of its entire file relative to his prosecution. However, the pleading does not request that the trial court order the district attorney to reproduce the file at no cost. On July 19, 2002, without a hearing, the trial court issued the following judgment:
On June 26, 2002, Petitioner, Norman Jean, filed a pro se Motion for Production of District Attorney’s Files with this Court. The motion is premised on LSA-R.S. 44:31. Petitioner’s case has been adjudicated to completion, as such Petitioner’s request is GRANTED. Petitioner is entitled to a copy [of] the files and arrest records which the District Attorney of Calcasieu Parish has regarding the above enumerated matter.
Petitioner also requests information regarding the make up of grand juries in Calcasieu Parish since 1984. This information is part of a public record and as such Petitioner’s request is GRANTED.
The district attorney did not appeal this judgment. Instead, in a letter dated August 19, 2002, a representative of the district attorney’s office wrote to Mr. Jean, informing him that the total cost of reproduction of his file would be $1,125.00 and requesting payment of that amount.
The district attorney’s letter prompted Mr. Jean to file the pleading which is the basis of the matter now before us. In this September 12, 2002 pleading, Mr. Jean | ¡requested that the district attorney be ordered to make the prosecution file available to him at a reduced rate. Without a hearing, and in response to this pleading, the trial court issued an order on September 19, 2002, similar in content to the judgments of February 25 and May 1, 2002. Again, the trial court- specifically stated in its judgment that Mr. Jean had failed to establish a particularized need for the district attorney’s file and, therefore, was not entitled to the production of the file. In addition, the trial court reiterated Mr. Jean’s entitlement, at no cost, to the documents specifically enumerated in the January 25, 2002 judgment. This writ application followed the issuance of the September 19, 2002 judgment.
OPINION
Mr. Jean bases his request on the Louisiana Public Records Law, La.R.S. 44:31 et seq. Louisiana Revised Statutes 44:31 provides:
A. Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.
B. (1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce, or obtain a reproduction of any public record.
(2) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.
However, the Louisiana Public Records Law establishes additional requirements for a person who has been incarcerated for a felony conviction to take advantage of its provisions.
For the purposes of this Chapter, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3. Not *783 withstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record |fito determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3.
La.R.S. 44:31.1.
Mr. Jean is in custody following a felony conviction and has exhausted his appellate remedies.
We first note that this is a civil action and not a criminal action. Thus, the judgments of July 12, 1999, February 25, 2002, May 1, 2002, and July 19, 2002, were all appealable final judgments. La.Code Civ.P. art. 1841. However, neither Mr. Jean nor the district attorney appealed any of these judgments. The only effort at modifying these judgments was Mr. Jean’s motion for reconsideration of the February 25, 2002 judgment, which can only be interpreted as a motion for new trial. That motion was not timely filed. La.Code Civ.P. art.1974. However, the district attorney did not object to this untimely filing.
The pleading filed by Mr. Jean on June 26, 2002, sought the same relief that had previously been denied in the judgments of July 12, 1999, and February 25, 2002. The district attorney filed no objection. The trial court’s July 19, 2002 judgment granted Mr. Jean the relief that he had previously been denied. Therefore, we are faced with conflicting final judgments in the same civil action. However, the final, definitive judgment concerning Mr. Jean’s right to use the Louisiana Public Records Law to achieve his objective is the judgment of July 19, 2002. Therefore, we will not consider any judgment rendered prior to the July 19 judgment in this writ application.
For the purposes of this review, it is important to note exactly what the judgment of September 19, 2002, provides. The pertinent language of that judgment 17provides as follows:
Petitioner, Norman Jean, has filed a Motion [to] request [a] free copy of the District Attorney’s file regarding the above entitled matter and a motion to proceed in forma pauperis;
In accordance with State ex rel. Simmons v. State, 647 So.2d 1094 (La.12/16/94), IT IS HEREBY ORDERED that the Clerk of Court for the Parish of Calcasieu, State of Louisiana, provide petitioner with a copy of the following documents, at no cost:
1. Transcript and minutes of Guilty Plea Colloquy (Boykin);
2. District Court minute entry of his sentencing hearing;
3. Bill of Information charging petitioner with this crime.
Pursuant to Bernard v. Criminal Dist. Court Section J, 653 So.2d 1174 (La. 1995), the court is not required to grant a motion for production of a document other than a copy of transcript of the Boykin proceeding unless the motion establishes that the [document] will support a particularized need for the sentencing transcript. Petitioner has not established such a particularized need for copies of the District Attorney’s file regarding the above entitled matter.
THEREFORE, IT IS ORDERED that petitioner’s request for production of the above listed document is DENIED.
*784 IT IS FURTHER ORDERED that the petitioner’s motion to proceed in for-ma pauperis be GRANTED.
This judgment attempts to place restrictions on Mr. Jean’s request by imposing the particularized-need requirement of La. R.S. 44:31.1. However, the July 19, 2002 judgment, which is the basis for Mr. Jean’s request for a reduced fee, places no restrictions on his access to the prosecution file. As previously stated, that judgment is a final judgment and, regardless of its correctness, cannot now be modified by the trial court.
Mr. Jean has been consistently granted pauper status throughout this litigation. The district attorney does not question Mr. Jean’s right to the entire file, with or without a showing of particularized need, but argues that there exists no authority for requiring it to reproduce the file without the payment of the cost of the reproduction, |seven assuming Mr. Jean’s pauper status. We disagree. There is statutory authority for Mr. Jean’s request in La.R.S. 44:32(C)(l)(a), which provides:
For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.
(Emphasis added.)
Thus, this statute is permissive rather than mandatory in the trial court’s consideration of a reduced charge to indigent citizens.
The first circuit, in State ex rel. McKnight v. State, 98-2258, p. 1 (La.App. 1 Cir. 12/3/98), 742 So.2d 894, 895, noted that an inmate proceeding under the Louisiana Public Records Law “should be prepared to pay the regular service fees for copies of the documents,” if he is successful. See also State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1 Cir.1992). Thus, normally the question to be answered is whether the trial court abused its discretion in refusing to grant relief under La.R.S. 44:32(C)(l)(a).
We cannot address that issue at this time because we find that the trial court has yet to address that issue. We find it necessary to grant the supervisory writ and remand the matter to the trial court to consider whether Mr. Jean is entitled to relief under La.R.S. 44:32(C)(l)(a) in light of its July 19, 2002 judgment giving him unrestricted access to the district attorney’s file, without regard to the particularized-need requirement of La.R.S. 44:31.1.
DISPOSITION
For the foregoing reasons, we grant Mr. Jean’s supervisory writ application and remand this matter for the trial court to determine whether Mr. Jean is entitled to | flrelief under La.R.S. 44:32(C)(l)(a).
WRIT GRANTED AND REMANDED WITH INSTRUCTIONS.