# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### KA06-1509/KA06-1510
### KH06-1020/KH06-1135

**STATE OF LOUISIANA**

**VERSUS**

**STEPHEN K. LANPHIER**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NOS. 8662-05 & 20155-03
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion, Judges.

**RULING AFFIRMED; MOTION TO WITHDRAW GRANTED. WRIT IN DOCKET NUMBER KH06-1020 DENIED; WRIT IN DOCKET NUMBER KH06-1135 DENIED AS MOOT.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Stephen K. Lanphier

**Stephen K. Lanphier**
**Pro Se**
**M.C.C. D Dorm**
**158 Treatment Plant Road**
**Tallulah, LA 71282**

AMY, Judge.

The defendant, Stephen K. Lanphier, filed a motion to request the production of the district attorney's file on January 3, 2006. The motion was denied by the trial court on July 26, 2006.

The defendant filed both writs and appeals asking this court to review the trial court's denial of his motion to request the production of the district attorney's file. Additionally, the defendant filed a writ asking this court to review a request he filed with the trial court seeking a copy of the transcript of the hearing on his motion. The writs filed by the defendant in docket numbers KH06-1020 and KH06-1135 were consolidated with the appeals filed as docket numbers KA06-1509 and KA06-1510.

Appellate counsel has filed an *Anders* brief in this matter. For the following reasons, we affirm the trial court's ruling and grant counsel's motion to withdraw. Additionally, the writ in docket number KH06-1020 is denied, and the writ in docket number KH06-1135 is moot.

**Discussion**

*Request for Production of District Attorney's File*

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the defendant's appellate counsel filed a brief stating that he could find no errors on appeal that would support reversal of the defendant's convictions or sentences. Thus, counsel seeks to withdraw. As this is not an appeal from a conviction and sentence, but an appeal from a documents request, the standard *Anders* review involving the defendant's convictions and sentences is inapplicable here. Rather, the *Anders* review performed below involves consideration of the appeal involving the documents request.

In docket number KH06-1020, the defendant asks this court to review the trial court's denial of his motion to request the production of the district attorney's file. Additionally, in docket number KH06-1135, the defendant seeks a copy of the transcript of the denial of his motion.

The defendant sought production of the district attorney's file by way of La.Code Crim.P. art. 822(B), which provides that "if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney."

In his motion, the defendant contended that he needed the documents in order to perfect his application for post-conviction relief. Subsequently, at the hearing on his motion, the defendant stated the following: "my particularized need for the production of District Attorney's files is to . . . perfect the post-conviction claim of ineffective assistance of counsel, which is in violation of my constitutional rights and under Article -- Criminal Code of Procedure Article Number 822 [(B)]." Additionally, in his application for supervisory writs, the defendant stated that he required the documents in order to complete his application for post-conviction relief.

In *State ex rel. McKnight v. State*, 98-2258, p. 1 (La.App. 1 Cir. 12/3/98), 742 So.2d 894, 896, the first circuit discussed Article 822(B) as follows:

> Article 822 does not apply to requests for records under the Public Records Law, and it does not establish a separate procedure by which an inmate can secure documents from the district attorney. The purpose of this portion of [A]rticle 822 is to prevent district courts from ordering the production of portions of the district attorney's file without the district attorney first receiving notification of the motion.

*See also State v. Paige*, 03-874 (La.App. 4 Cir. 6/4/03), 849 So.2d 813, *writ denied*, 03-1957 (La. 9/5/03), 852 So.2d 1027.

2

Since the defendant sought a copy of the district attorney's file through the criminal court, we presume he is seeking copies of the documents free of charge pursuant to *State ex rel. Bernard v. Criminal District Court Section J.,* 94-2247 (La. 4/28/95), 653 So.2d 1174. In *Bernard*, the supreme court stated:

> This Court's jurisprudence requires lower courts to provide indigent inmates with copies of certain types of documents as of right. *State ex rel. Simmons v. State*, 93-0175 (La. 12/16/94), 647 So.2d 1094. As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an "adequate opportunity to present [his] claims fairly." *United States v. MacCollom*, 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (quoting *Ross v. Moffitt*, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)). Meeting that constitutional threshold requires a showing of what this Court has called "particularized need."
>
> For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La.C.Cr.P. art. 924 et seq. That access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors." *State ex rel. Payton v. Thiel*, 315 So.2d 40 (La.1975). If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. art. 930.3, he may also "specify[ ] with reasonable particularity the factual basis for such relief," and thereby meet the initial requirements set forth in La.C.Cr.P. art. 926 for filing the application and invoking the post conviction articles. An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. *See Payton*, *supra . . . .*

*Id*. at 1175 (alteration in original).

The defendant has not filed an application for post-conviction relief. He has, therefore, failed to meet his burden of demonstrating a particularized need for the documents requested from the district attorney. Accordingly, the writ filed as docket number KH06-1020 is denied. As the appellate record contains a copy of the

transcript sought by the defendant in the writ filed as docket number KH06-1135, the writ is moot.

The defendant, in his *pro se* brief, raised several issues. We reviewed those issues, and they do not support the granting of the defendant's motion to request the production of the district attorney's file.

We find no errors which would support an assignment of error on appeal. Therefore, appellate counsel's motion to withdraw is granted.

## DECREE

For the above reasons, the ruling of the trial court denying the defendant's motion to request the production of the district attorney's file is affirmed. Counsel's motion to withdraw is granted. The writ filed as docket number KH06-1020 is denied, and the writ filed as docket number KH06-1135 is denied as moot.

**RULING AFFIRMED; MOTION TO WITHDRAW GRANTED. WRIT IN DOCKET NUMBER KH06-1020 DENIED; WRIT IN DOCKET NUMBER KH06-1135 DENIED AS MOOT.**