# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

CLIFTON DAIGLE

NO. 2019 KW 0834

SEP 17 2019

---

In Re:     Clifton Daigle, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 536462.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY AND CRAIN, JJ.**

**WRIT DENIED ON THE SHOWING MADE.** Relator failed to include a copy of his motion to correct an illegal sentence filed with the district court, a copy of his habitual offender bill of information, all pertinent minute entries and/or transcripts, including his habitual offender adjudication and sentencing, and any other portions of the district court record that might support the claims raised in his application filed with this court. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. In the event relator elects to file a new application with this court, the application must be filed on or before November 12, 2019. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.

Moreover, without showing a particularized need, incarcerated indigents are entitled to a free copy of certain documents: **Boykin** transcript, bill of information, commitment papers, court minutes for various portions of the trial, and minutes of the sentencing. See **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094, 1095 (per curiam). For all other documents, the inmate is required to establish a "particularized need" by properly filing an application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support. See **State ex rel. Bernard v. Criminal District Court Section "J"**, 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175 (per curiam); **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895 (per curiam). Although relator claims he was not provided with the requested documentation, relator failed to provide this court with any documentation showing the district court denied his request for documentation to which he is entitled.

VGW
JMG

**Crain, J.**, concurs.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT