# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

TOBY PAYNE, JR.

NO. 2020 KW 0110

**APR 2 8 2020**

In Re: Toby Payne, Jr., applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 770075

---

**BEFORE: WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.**

**WRIT DENIED.** As an indigent inmate, relator is entitled to receive certain court documents, such as the guilty plea transcript, the bill of information or indictment, the commitment papers, the court minutes for various portions of the trial, and minutes of the sentencing, free of charge without the necessity of establishing a particularized need. See **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094 (per curiam). As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an adequate opportunity to present his claims fairly. Meeting that constitutional threshold requires a showing of a particularized need. An inmate therefore cannot make a showing of particularized need absent a properly filed application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support. See **State ex rel. Bernard v. Criminal District Court Section "J"**, 94-2247 (La. 4/28/95), 653 So.2d 1174 (per curiam).

Relator may need to seek his requested documents under the Public Records Law. A writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law. La. R.S. 44:1, et seq. A person who wants to examine public records must make the request to the custodian of records. See La. R.S. 44:31 & 44:32. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the district court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. After the district court rules in the civil proceeding, the person may seek an appeal of the district court's action, if he desires. See La. R.S. 44:35(C). See also **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895 (per curiam).

VGW
JMG
WJB

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT FOR THE COURT

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.