# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ALMOINE POWELL

NO. 2020 KW 0489

**JULY 20, 2020**

---

In Re:     Almoine Powell, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 11-17-0216.

---

**BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WRIT DENIED.** Relator failed to demonstrate a particularized need for the items that he requested in the "Motion to Discover and Disclose Evidence Favorable to Defense." See **State ex rel. Simmons v. State**, 93-0175 (La. 12/16/94), 647 So.2d 1094. Furthermore, the records of the East Baton Rouge Parish Clerk of Court's Office reflect that on May 19, 2020, the district court ordered that relator be provided with the sentencing transcript, bill of information, minutes, and documents committing him to custody. For these reasons, the district court did not err by denying relator's "Motion to Discover and Disclose Evidence Favorable to Defense."

Moreover, a writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law, La. R.S. 44:1, et seq. A "person" who wants to examine public records must make the request to the custodian of the records. See La. R.S. 44:31 & 44:32. An individual in custody after sentence following felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La. Code Crim. P. art. 930.3. La. R.S. 44:31.1. Section 31.1 does not prevent an inmate from seeking records simply because the two-year time limitation for the filing of postconviction relief has passed. See La. Code Crim. P. art. 930.8. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court's action, if he desires. See La. R.S. 44:35(C). **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So. 2d 894, 895 (per curiam).

**PMc**
**JEW**
**GH**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT