# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

BARRY RAFFLEE, JR.

NO. 2021 KW 1233

PAGE 1 OF 2

**JANUARY 21, 2022**

---

In Re:     Barry Rafflee, Jr., applying for supervisory writs, 18th Judicial District Court, Parish of Iberville, No. 209-20.

---

**BEFORE:    GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**WRIT DENIED ON THE SHOWING MADE.** Relator failed to include a copy of the motion for discovery and inspection filed with the district court, a copy of the district court's ruling on the motion, and any other portions of the district court record that might support the claims raised in the writ application.

It is noted that as an indigent inmate, relator is entitled to receive certain court documents, such as the guilty plea transcript, the bill of information or indictment, the commitment papers, the court minutes for various portions of the trial, and the minutes of his sentencing, free of charge without the necessity of establishing a particularized need. See **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094, 1095(*per curiam*). As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an adequate opportunity to present his claims fairly. Meeting that constitutional threshold requires a showing of a particularized need. An inmate therefore cannot make a showing of particularized need absent a properly filed application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support. See **State ex rel. Bernard v. Criminal District Court Section "J"**, 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175(*per curiam*).

Further, without the showing of a particularized need, relator may need to seek his requested documents under the Public Records Law. However, a writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law, La. R.S. 44:1, et seq. A person who wants to examine public records must make the request to the custodian of records. See La. R.S. 44:31 & 44:32. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the district court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. After the district court rules in the civil proceeding, the person may seek an appeal of the district court's action, if he desires. See La. R.S. 44:35(C). See also **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895(*per curiam*).

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

**JMG**
**GH**
**WRC**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT