# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

THEODORE J. PHILLIPS

NO. 2021 KW 1477

**FEBRUARY 14, 2022**

---

In Re:     Theodore J. Phillips, applying for supervisory writs, 16th Judicial District Court, Parish of St. Mary, Nos. 2003-162543, 2018-202970.

---

**BEFORE:     McCLENDON, WELCH, AND THERIOT, JJ.**

**WRIT DENIED ON THE SHOWING MADE.** Relator failed to include a copy of the motion for appeal, the court's ruling granting the appeal, a copy of any motions filed by relator requesting documents, the court's ruling on the motions, and any other portions of the district court record that might support the claims raised in the writ application. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. In the event relator elects to file a new application with this court, the application must be filed on or before April 11, 2022. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.

It is noted that as an indigent inmate, relator is entitled to receive certain court documents, such as the guilty plea transcript, the bill of information or indictment, the commitment papers, the court minutes for various portions of the trial, and the minutes of his sentencing, free of charge without the necessity of establishing a particularized need. See **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094, 1095(per curiam). As to all other documents, an indigent inmate has the constitutional right to free copies only in instances in which he shows that denial of the request will deprive him of an adequate opportunity to present his claims fairly. Meeting that constitutional threshold requires a showing of a particularized need. An inmate therefore cannot make a showing of particularized need absent a properly filed application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support. See **State ex rel. Bernard v. Criminal District Court Section "J"**, 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175(per curiam). See also **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895(per curiam).

**PMc**
**JEW**
**MRT**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT