# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

JUWAN MALIQ WILSON

NO. 2022 KW 1197

PAGE 1 OF 2

**FEBRUARY 1, 2023**

In Re:    Juwan Maliq Wilson, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 0225-F-2020.

**BEFORE:    GUIDRY, C.J., WOLFE AND MILLER, JJ.**

**WRIT DENIED ON THE SHOWING MADE.** Relator failed to include a copy of the bill of information, the commitment order, all pertinent minute entries and/or transcripts, in particular, the guilty plea transcript, and any other portions of the district court record that might support the claims raised in the application for postconviction relief. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.

Moreover, without showing a particularized need, incarcerated indigents are entitled to a free copy of certain documents: **Boykin** transcript, bill of information, commitment papers, court minutes for various portions of the trial, and minutes of the sentencing. See **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094, 1095 (per curiam). As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an adequate opportunity to present his claims fairly. Meeting that constitutional threshold requires a showing of a particularized need. An inmate therefore cannot make a showing of particularized need absent a properly filed application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support. See **State ex rel. Bernard v. Criminal District Court Section "J"**, 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175 (per curiam).

Further, relator may need to seek the requested information under the Public Records Law. A writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law, La. R.S. 44:1, et seq. A person who wants to examine public records must make the request to the custodian of records. See La. R.S. 44:31 & 44:32. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the district court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. After the district court rules in the civil proceeding, the person may seek an appeal of the district court's action, if he desires. See La. R.S.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

44:35(C); see also **State ex rel. McKnight v. State,** 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895 (per curiam).

**JMG**
**EW**
**SMM**

COURT OF APPEAL, FIRST CIRCUIT

_a S_

_____
DEPUTY CLERK OF COURT
FOR THE COURT