STATE OF LOUISIANA                                         NO. 23-KH-185

VERSUS                                                     FIFTH CIRCUIT

MARVIN ROBINSON                                            COURT OF APPEAL

                                                           STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

April 12, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** MARVIN ROBINSON

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 05-2673

---

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

## WRIT GRANTED, WITH INSTRUCTIONS

Relator, Marvin Robinson, seeks supervisory review of the district court's ruling denying his motion for *in forma pauperis* status and for a free transcript of the post-conviction evidentiary hearing, as well as his motion for an extension of the return date.

Relator has requested expedited consideration of his writ application because the current return date of seeking review of his APCR is April 17, 2023, and the court reporter will not produce the transcript of the post-conviction hearing without a fifty percent deposit of the estimated fee ($1,000.00) to produce the transcript. According to relator, he cannot seek review of the district court's denial of his post-conviction claim without a transcript of the hearing, which he contends he cannot afford.

In a prior writ application, 20-KH-427, this Court granted relator's writ application ordering the district court judge to conduct an evidentiary hearing on relator's claim of ineffective assistance of counsel under *State v. Harris*, 18-1012 (La. 7/9/20), 340 So.3d 845. Thereafter, on March 17, 2023, an evidentiary hearing was held in the district court during which relator purportedly submitted numerous documentary exhibits and the testimony of his brother. Relator contends that while the State did not call any witnesses to testify, it submitted several exhibits. Relator claims that at the conclusion of the hearing, the district court denied his claim for relief, providing oral reasons. The district court did not issue written reasons. Relator contends the transcript is the only means by which he can seek this Court's review. Relator orally noticed his intent to seek supervisory writs, and was granted thirty days, or until April 17, 2023, to do so.

Relator's counsel notified the court reporter of the need for the transcript to file relator's writ application and was told that it would take thirty days to complete, but a fifty percent deposit of the estimated fee for the transcript was required before she would begin preparing it. At that time, counsel informed the court reporter of relator's intent to move for a free transcript due to his indigency.

On April 4, 2023, relator filed a motion for *in forma pauperis* status and free transcript of the post-conviction evidentiary hearing. He also moved for an extension of the pending return date in order to give the court reporter sufficient time to complete the transcript. The State did not respond to the motions, either challenging relator's indigency status or his right to the transcript at no cost. The district court summarily denied relator's motions, without reasons.

In the instant writ application, relator challenges the district court's ruling (1) denying his request to proceed *in forma pauperis* and to a free copy of the transcript of the March 17, 2023 evidentiary hearing, and (2) denying his request for an extension of the return date to file his writ application challenging the denial of his APCR based on his claim of ineffective assistance of counsel under *Harris*, *supra*.

In his motion for *in forma pauperis* status filed in the district court, citing *State ex rel. Simmons v. State*, 93-275 (La. 12/16/94), 647 So.2d 1094, 1095, relator asserted that he was indigent and, thus, was entitled to a copy of the transcript of his post-conviction hearing at no cost to him. Attached to relator's motion is his *in forma pauperis* affidavit, signed and notarized on March 30, 2023, attesting that he is incarcerated with no source of income.

Although as a general matter incarcerated indigents must demonstrate a particularized need for a court document before receiving a copy of it free of charge, the Supreme Court has established exceptions to that rule. *State ex rel. Simmons v. State*, 94-2630 (La. 12/16/94), 647 So.2d 1094, 1095 (*per curiam*). Thus, indigent inmates must be provided with "copies of transcripts of evidentiary hearings held on their applications for post conviction relief." *Id.*; *see State v. Feet*, 617 So.2d 921 (La. 1993); *see also*, *State ex rel. Nguyen v. State*, 13-1256 (La. 11/15/13), 125 So.3d 1097.[1]

Accordingly, we grant relator's writ application and the district court is instructed to provide relator with a free copy of the transcript of the evidentiary hearing conducted on March 17, 2023, on his application for post-conviction relief related to his claim of ineffective assistance of counsel. Additionally, because the court reporter has advised that she needs at least thirty days to complete the transcript of the evidentiary hearing, we grant relator's request for an additional forty-five days from the date of this disposition to file his writ application

---

[1] The district court may, however, decline to order cost-free production of documents under *Simmons* "in cases in which the time limitations period of [Article] 930.8[A] has expired, unless the relator has made a showing of particularized need by filing an application which would fall under the exceptions of [Article] 930.8A [(1-4)] and which needs the requested documents to support it." *State ex re. Fleury v. State*, 93-2898 (La. 10/13/95), 661 So.2d 488. *See also State ex rel. Brown v. State*, 03-2568 (La. 3/26/04), 870 So.3d 976, 977 (*per curiam*); *State ex rel. Jones v. State*, 13-1634 (La. 1/27/14), 131 So.3d 52. Here, although the official record indicates the State raised an objection as to the untimeliness of relator's application for post-conviction relief, the record shows the district court denied the objection and proceeded with the evidentiary hearing on the merits. Consequently, we find *Simmons* applies and relator, an indigent inmate, is entitled to a copy of the transcript free of charge.

2

challenging the district court's March 17, 2023 ruling denying relator's application for post-conviction relief.

Gretna, Louisiana, this 12th day of April, 2023.

**SMC**
**SJW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **04/12/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KH-185

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)
Christopher F. Edmunds (Relator)

### MAILED

Colin Reingold (Relator)
Attorney at Law
The Promise Justice Initiative
1024 Elysian Fields
New Orleans, LA 70117

Erica Navalance (Relator)
Attorney at Law
The Promise of Justice Initiative
1024 Elysian Fields
New Orleans, LA 70117

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Colin Reingold
Attorneys at Law
The Promise Justice Initiative
1024 Elysian Fields
New Orleans; LA 70117
23-KH-185                     04-12-23

9590 9402 2434 6249 3632 60

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6908

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                        ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
AMBER THORPE                        4/14/23

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☑ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
AMBER THORPE    4|14|23

1. Article Addressed to:

Erica Navalance
Attorneys at Law
The Promise of Justice Initiative
1024 Elysian Fields
New Orleans; LA 70117
23-KH-185    04-12-23

9590 9402 2434 6249 3646 18

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 6762

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt