# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RAY A. BROOKS

NO. 2023 KW 0231

**JUNE 22, 2023**

---

In Re:     Ray A. Brooks, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 412111.

---

**BEFORE:   GUIDRY, C.J., McCLENDON AND WELCH, JJ.**

**WRIT DENIED.** A writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law, La. R.S. 44:1, et seq. A "person" who wants to examine public records must make the request to the custodian of the records. See La. R.S. 44:31 & 44:32. An individual in custody after sentence following felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La. Code Crim. P. art. 930.3. La. R.S. 44:31.1. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court's action, if he desires. See La. R.S. 44:35(C). **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 1998), 742 So.2d 894 (*per curiam*). Moreover, because the limitations period of La. Code Crim. P. art. 930.8(A) has expired, in the event that relator seeks documents, including those to which he is entitled as of right such as the indictment, the district court minutes for various portions of his trial, and the uniform commitment order, see **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094, he must demonstrate that he has made a showing of particularized need by filing an application for postconviction relief which would fall under one of the enumerated exceptions of La. Code Crim. P. art. 930.8(A) and that he needs the requested documents to support a claim. **State ex rel. Fleury v. State**, 93-2898 (La. 10/13/95), 661 So.2d 488.

JMG
PMc
JEW

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT