# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                NO. 2023 KW 0849
                                                  (PAGE 1 OF 2)
VERSUS

KENNETH MORGAN                                    **NOVEMBER 20, 2023**

---

In Re:    Kenneth Morgan, applying for supervisory writs, 18th
          Judicial District Court, Parish of Iberville, No.
          1545-07.

---

**BEFORE:    GUIDRY, C.J., CHUTZ AND LANIER, JJ.**

**WRIT DENIED ON THE SHOWING MADE.** Relator failed to include a copy of the motion for production of documents, the district court's ruling on the motion, any documentation regarding his filing for postconviction relief, his bill of information, the commitment order, any pertinent minute entries, and any other portions of the district court record that might support the claims raised in the writ application. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.

It is noted that as an indigent inmate, relator is entitled to receive certain court documents, such as the guilty plea transcript, the bill of information or indictment, the commitment papers, the court minutes for various portions of the trial, and the minutes of his sentencing, free of charge without the necessity of establishing a particularized need. See **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094, 1095 (per curiam). As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an adequate opportunity to present his claims fairly. Meeting that constitutional threshold requires a showing of a particularized need. An inmate therefore cannot make a showing of particularized need absent a properly filed application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support. See **State ex rel. Bernard v. Criminal District Court Section "J"**, 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175 (per curiam).

Further, if relator is seeking the requested information under the Public Records Law, a writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to those records. See La. R.S. 44:1, et seq. A person who wants to examine public records must make the request to the custodian of records. See La. R.S. 44:31 & 44:32. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the district court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service

fees for copies of the rules in the civil proceeding, the person may seek an appeal of the district court's action, if he desires. <u>See</u> La. R.S. 44:35(C); <u>see also</u> **State ex rel. McKnight v. State,** 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895 (per curiam).

**JMG**
**WRC**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT