# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

COLUMBUS CHRIS WILLIAMS

NO. 2025 KW 0423

PAGE 1 OF 2

AUGUST 18, 2025

In Re:    Columbus Chris Williams a.k.a Columbus Williams, Jr., applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 2004-FELY-423851.

BEFORE:    McCLENDON, C.J., GREENE AND STROMBERG, JJ.

WRIT DENIED.    Relator's recently filed motions requesting a new trial for convictions ranging from 1980 to 2014 are untimely. See La. Code Crim. P. art. 853.    Thus, the district court did not err in denying those motions.    Additionally, with regard to relator's request for documents, as an indigent inmate, relator is entitled to receive certain court documents, such as the guilty plea transcript, the bill of information or indictment, commitment papers, court minutes for various portions of the trial, and minutes of his sentencing, free of charge without the necessity of establishing a particularized need.    See **State ex rel. Simmons v. State**, 93-0275 (La. 12/16/94), 647 So.2d 1094 (per curiam).    As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an adequate opportunity to present his claims fairly.    Meeting that constitutional threshold requires a showing of a particularized need.    An inmate therefore cannot make a showing of particularized need absent a properly filed application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support.    See **State ex rel. Bernard v. Criminal District Court Section "J,"** 94-2247 (La. 4/28/95), 653 So.2d 1174 (per curiam).    The district court did not err in denying relator's motion for production of documents, as there is no indication that relator properly filed an application for postconviction relief setting forth specific claims of constitutional errors.

If relator is seeking the requested information under the Public Records Law, a writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to those records. See La. R.S. 44:1, et seq.    A person who wants to examine public records must make the request to the custodian of records. See La. R.S. 44:31 & 44:32.    If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the district court level.

See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. After the district court rules in the civil proceeding, the person may seek an appeal of the district court's action, if he desires. See La. R.S. 44:35(C). See also **State ex rel. McKnight v. State,** 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895 (*per curiam*).

**PMc**
**HG**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT