# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RANDY ANTHONY BROWN

NO. 2025 KW 0792

**NOVEMBER 3, 2025**

---

In Re:     Randy Anthony Brown, applying for supervisory writs, 16th Judicial District Court, Parish of St. Mary, No. 2020-206243.

---

**BEFORE:    LANIER, WOLFE, AND HESTER, JJ.**

   **WRIT DENIED.**  In 2025 KW 0367, this court did not order the district court to provide relator with a free copy of documents. Furthermore, the district court may decline to order production of documents it normally provides even in the absence of a showing of particularized need in cases, such as this one, in which the time limitation period for the filing of an application for postconviction relief has expired.  See **State ex rel. Fleury v. State**, 93-2898 (La. 10/13/95), 661 So.2d 488.  Moreover, a writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law.  La. R.S. 44:1, et seq.; **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895 (per curiam).  Rather, an individual seeking to examine public records must first make a request to the custodian of the records. La. R.S. 44:31 and La. R.S. 44:32.  If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level.  See La. R.S. 44:35(A).  Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. **McKnight**, 742 So.2d at 895; **State ex rel. Nash v. State**, 604 So.2d 1054 (La. App. 1st Cir. 1992).

                    WIL
                    EW
                    CHH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
        FOR THE COURT