# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

TAURIUS MARQUIES HOLMES

NO. 2025 KW 0657

**NOVEMBER 19, 2025**

---

In Re:    State of Louisiana, applying for rehearing, 22nd Judicial District Court, Parish of Washington, No. 05-CR3-92375.

---

**BEFORE:    THERIOT, PENZATO, AND BALFOUR, JJ.**

**REQUEST DENIED AND REQUEST FOR REHEARING EN BANC DENIED.** The district court was ordered to proceed towards disposition i.e., to rule on the motion to compel production of public records, which relator represented had been pending in the district court since March 20, 2025. This court's prior action did not direct the trial court to schedule a hearing or grant relief. Furthermore, this court's order granting relator's request for mandamus relief and ordering the district court to perform a ministerial duty required by law does not run afoul of this court's prior holding in **State ex rel. McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d 894, 895 (*per curiam*), which provides that a writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law. La. R.S. 44:1, *et seq.* Rather, an individual seeking to examine public records must first make a request to the custodian of the records. La. R.S. 44:31 and La. R.S. 44:32. Relator's recourse is to institute civil proceedings at the trial court level for a writ of mandamus against the district attorney's office. See La. R.S. 44:35(A). If relator is dissatisfied with the trial court's ruling in the civil proceeding, he may seek a civil appeal. See La. R.S. 44:35(C); **McKnight**, 742 So.2d at 895.

**MRT**
**AHP**
**KEB**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT