# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

GERALD D. JONES

NO. 2026 KW 0064

**APRIL 20, 2026**

---

In Re:     Gerald D. Jones, applying for supervisory writs, 19th
           Judicial District Court, Parish of East Baton Rouge, No.
           07-17-0429.

---

**BEFORE:     LANIER, WOLFE, AND HESTER, JJ.**

   **WRIT DENIED.** Requests for production of the district
attorney's files and counsel's files pursuant to the Public Records
Law cannot be enforced as part of a criminal proceeding. There is
no indication that relator requested the pleadings at issue from
his former counsel of record, Scott Collier, before seeking relief
from the district court. Relator should follow the enforcement
procedures set forth in La. R.S. 44:35(C). See **State ex rel.
McKnight v. State**, 98-2258 (La. App. 1st Cir. 12/3/98), 742 So.2d
894 (*per curiam*). A person who desires to examine public records
must make the request to the custodian of the records. See La.
R.S. 44:31 and 44:32. If a request for public records is denied by
the custodian, before seeking relief from this court, the person
must first institute civil proceedings for a writ of mandamus at
the trial court level. See La. R.S. 44:35(A). A mandamus proceeding
brought under the Public Records Law is a civil action. See **Landis
v. Moreau**, 2000-1157 (La. 2/21/01), 779 So.2d 691, 696.
Accordingly, should the person prevail, he should be prepared to
pay the regular service fees for copies of the documents.
**McKnight**, 742 So.2d at 895; **State ex rel. Nash v. State**, 604 So.2d
1054 (La. App. 1st Cir. 1992). After the trial court issues a
ruling in the civil proceeding, the person may seek a civil appeal
of the trial court's action, if he desires. See La. R.S. 44:35(C).

                         **WIL**
                         **EW**
                         **CHH**

COURT OF APPEAL, FIRST CIRCUIT

           DEPUTY CLERK OF COURT
                FOR THE COURT